```
Alan S. Wolf, Bar No. 94665
Daniel K. Fujimoto, Bar No. 158575
THE WOLF FIRM, A Law Corporation
2955 Main Street, Second Floor
Irvine, CA 92614
Tel (949) 720-9200
Fax (949) 608-0128

Attorneys for Movant
U.S. Bank National Association, as trustee, on behalf of the
holders of the Home Equity Asset Trust 2006-1 Home Equity
Pass-Through Certificates, Series 2006-1
```

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| In Re: | ) | CASE: 08-47356JK |
|---|---|---|
| KEOUDON THAMMAVONGSA | ) | CHAPTER 7 |
| Debtor. | ) | REF.: ASW-592 |
| | ) | MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND DECLARATION OF JO-ANN GOLDMAN IN SUPPORT THEREON |
| | ) | DATE: 09/18/09 |
| | ) | TIME: 10:00am |
| | ) | CTRM: 215 |
| | ) | U.S. Bankruptcy Court |
| | ) | 1300 Clay Street |
| | ) | Oakland, California |

The Motion of U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2006-1 Home Equity Pass-Through Certificates, Series 2006-1 respectfully shows as follows:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 157 and 1334.

2. On December 11, 2008, the Debtor filed a Chapter 13 petition and the Debtor claims an interest in the property

Matter I.D. 6401-5270

which is security for the debt owed to Movant.  The case was converted to Chapter 7 on July 20, 2009.

3.  JOHN KENDALL is the Chapter 7 Trustee for this case.

4.  Movant is, and at all times herein mentioned was a corporation organized and existing under the laws of the United States.

5.  Movant is the beneficiary by way of assignment under a Deed of Trust which secures a Promissory Note ("Note") in the principal sum of $350,000, with the Note all due and payable on November 1, 2035.  The Note and Deed encumber real property commonly known as:

753 Hutchings Drive, San Leandro, CA 94577 ("Property") and legally described as set forth in the Deed of Trust, which is attached to the Declaration of JO-ANN GOLDMAN.

6.  The beneficial interest under the Deed of Trust is currently held by Movant by way of assignment.  See Declaration of JO-ANN GOLDMAN.

7.  There was a default under the terms of the Note and Deed of Trust and on June 18, 2008, Movant caused to be recorded a Notice of Default and Election to Sell.

8.  On November 17, 2008, Movant caused to be recorded a Notice of Sale.

9.  The Property is Debtor's principal residence.

10.  As of July 28, 2009, the Debtor has failed to tender 14 of the contractual payments which have fallen due under the Note and Deed of Trust.

11. The total amount due under Movant's Note and Deed of Trust as of July 28, 2009, exclusive of attorneys fees and costs, was approximately $400,986.27. See Statement of Indebtedness attached hereto as Exhibit "1".

12. Movant requests the Court take Judicial Notice that a Broker's Price Opinion dated August 21, 2009 provides the fair market value of the Property to be approximately $250,000.00. See Declaration of Real Estate Broker Christine Foster.

13. Movant requests the Court take Judicial Notice that the Debtor's Statement of Intentions provides the Property is to be surrendered. A true and correct copy of the Statement of Intentions is attached hereto as Exhibit "2" and incorporated by reference.

14. Due to the liens, encumbrances and arrearages existing against the Property, and due to current market trends and costs of sale, the Debtor does not have any equity in the Property.

15. The Debtor has no reasonable prospect for reorganization and the Property is not necessary for an effective reorganization.

16. Movant does not have, and has not been offered, adequate protection for its interest in the Property and the passage of time will result in irreparable injury to Movant's interest in the Property including, but not limited to, loss of interest and opportunity.

17. For all the reasons set forth herein, there is cause for relief from stay including, but not limited to, lack of adequate protection and the Debtor's failure to make the required Deed of Trust payments.

WHEREFORE, Movant prays for the judgment against Respondents as follows:

(1) That the automatic stay be terminated so that Movant may exercise or cause to be exercised any and all rights under its Note and/or Deed of Trust and any and all rights after the foreclosure sale, including, but not limited to, the right to consummate foreclosure proceedings on the property and the right to proceed in unlawful detainer;

(2) For reasonable attorneys' fees as a secured claim under 11 U.S.C. Section 506(b);

(3) For the waiver of the 10 day stay pursuant to Bankruptcy Rule 4001(a)(3).

(4) For reasonable attorneys' fees and costs;

(5) For costs incurred or expended in suit herein; and

(6) For such other and further relief as the Court deems just and proper.

Dated: August 27, 2009

/s/ Alan Steven Wolf
ALAN STEVEN WOLF
Attorneys for Movant
U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2006-1 Home Equity Pass-Through Certificates, Series 2006-1

# EXHIBIT 1

MOVANT'S STATEMENT OF INDEBTEDNESS

Debtor:            THAMMAVONGSA
CASE NO.:          08-47356JK
PROPERTY ADDRESS:  753 Hutchings Drive
                   San Leandro, CA  94577

A.  APPROX. PRINCIPAL DUE AS OF July 28, 2009:
1st trust deed SELECT PORTFOLIO           = $    349,421.40

                                    TOTAL = $    349,421.40

B.  APPROX. DELINQUENCY ON ABOVE INDEBTEDNESS AS OF 07/28/09:
Movant's first trust deed payments and late charges:

```
6   payment(s) at   $   3,095.55   = $    18,573.30
2   payment(s) at   $   3,386.74   = $     6,773.48
4   payment(s) at   $   3,390.66   = $    13,562.64
2   payment(s) at   $   3,099.47   = $     6,198.94
```

                   Accrued Late Charges $       633.30
                        Escrow Advance  $     3,083.92
                             NSF Fees   $        25.00
                   Recoverable Balance  $     2,714.29

                                TOTAL $      51,564.87

C.  VALUE OF PROPERTY:                         $    250,000.00
D.  LESS TOTAL OF PRINCIPAL AND DELINQUENCY:   $    400,986.27

E.  GROSS EQUITY (D-C)*:                       $   -150,986.27

* Note:  The gross equity, if any, will be further diminished
  by current market conditions and costs of sale.

# EXHIBIT 2

# United States Bankruptcy Court
## Northern District of California

In re **Keoudon Thammavongsa**  
Debtor(s)

Case No. **2008-47356**  
Chapter **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:** <br> **Select Portfolio Svcin** | **Describe Property Securing Debt:** <br> **Single Family Home** |
| Property will be (check one): <br> ■ Surrendered ☐ Retained | |
| If retaining the property, I intend to (check at least one): <br> ☐ Redeem the property <br> ☐ Reaffirm the debt <br> ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)). | |
| Property is (check one): <br> ■ Claimed as Exempt ☐ Not claimed as exempt | |

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** <br> **-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): <br> ☐ YES ☐ NO |

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date **June 10, 2009**    Signature **/s/ Keoudon Thammavongsa**  
**Keoudon Thammavongsa**  
Debtor